**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANDREW FABAL,

      **Plaintiff,**

    **v.**                           **Civil Action 2:26-cv-266**
                                       **Judge James L. Graham**
                                       **Magistrate Judge Chelsey M. Vascura**

J. MCGILTON, *et al.*,

      **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Andrew Fabal, sues several correctional officers and the Ohio Department of Rehabilitation and Correction under 42 U.S.C. § 1983 for violation of his constitutional rights. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he has $190.85 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A769646) at the London Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

2

## I.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that on May 8, 2024, he was falsely accused of procuring or attempting to procure drugs; dealing, facilitating, or participating in a transaction; and using a telephone to

further a crime or criminal activity. As a result, Plaintiff had to obtain mental health treatment for emotional stress, and he suffered physical discomfort. Plaintiff alleges that these actions violated his constitutional rights to fair and equal protection, his right to be free from deliberate indifference, and his right to be free from undeserved punishment. Plaintiff filed a grievance related to these events, which was granted at the appeal level. (Compl., ECF No. 1-1.)

Plaintiff names as Defendants J. McGilton (a corrections officer at Noble Correctional Institution), J. Wilson (the warden's designee at Lebanon Correctional Institution), Shellie Branch (program administrator III at Lebanon Correctional Institution), Courtney A. Teague (unit management chief at Lebanon Correctional Institution), and the Ohio Department of Rehabilitation and Correction. As relief, Plaintiff seeks $850,000 in damages.

All of Plaintiff's claims must be dismissed. First, Plaintiff's claims against the Ohio Department of Rehabilitation and Correction are barred by the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a

5

plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. But Plaintiff seeks only damages, not prospective relief. Accordingly, no exception to sovereign immunity applies and Plaintiff's claims against the Ohio Department of Rehabilitation and Correction must be dismissed. Similarly, to the extent that Plaintiff sues any of the Defendants in their official capacity, those claims must also be dismissed. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any official-capacity claims against the individual Defendants are also barred by the doctrine of sovereign immunity.

As to Plaintiff's individual-capacity claims against the individual Defendants, Plaintiff's Complaint appears to rest primarily on Defendants' false accusations against him. But "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12-cv-077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.") (cleaned up), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012)

6

("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

Further, to the extent that Plaintiff advances a Fourteenth Amendment equal protection claim, that claim fails. To state an equal protection claim, a plaintiff must allege sufficient facts to raise a plausible inference "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (cleaned up), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017); *see also Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255–56 (1995)). Alternatively, Plaintiff may state a "class-of-one" equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). But Plaintiff's allegations make no mention of and raise no plausible inferences as to differential treatment from those similarly situated. He has therefore failed to state an equal protection claim.

Plaintiff also makes passing reference to deliberate indifference and undeserved punishment, presumably advancing claims under the Eighth Amendment, which forbids the unnecessary and wanton infliction of pain against inmates and deliberate indifference to an inmate's safety. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994). But he makes no factual allegations on which the undersigned could rely to conclude that deliberate indifference or undeserved punishment occurred. Indeed, Plaintiff's Complaint does not allege that he was punished in any way or that Defendants were

indifferent to anything. He therefore has not stated a claim for deliberate indifference or cruel and unusual punishment under the Eighth Amendment.

Nor has Plaintiff alleged the personal involvement of each individual Defendant. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Plaintiff's allegations therefore fail to state a claim under § 1983 against the individual Defendants.

### III.  DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, the undersigned **RECOMMENDS** that Plaintiff's Complaint be dismissed for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e), 1915A(b).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE